## BRADBURY *v*. HYMERA COAL & MINING COMPANY.

[No. 14,646. Filed October 5, 1932.]

*Jesse E. Bedwell* and *Charles H. Bedwell*, for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, John S. Taylor*, and *J. Olias Vanier*, for appellee.

LOCKYEAR, J.—This is the second appeal in this proceeding.

In the former appeal, which is found in 92 Indiana Appellate, page 626, 176 N. E. 875, this court held that the only question that was presented to the Industrial Board was whether the appellant had sustained a permanent partial impairment as a result of the injuries that he had received, and the case was remanded to the Industrial Board for further proceedings on the petition pending at that time before said Board.

That thereafter the question involved was submitted to the hearing member of the Board, and afterward to the full Industrial Board, as to whether the plaintiff's injuries received on May 13, 1929, had resulted in permanent partial impairment, and the full Board, after considering the evidence given in the case, both at the hearing by the single member on May 21, 1931, and on December 2, 1931, finds that on and prior to the filing of the plaintiff's application for adjustment of compensation on April 30, 1930, the alleged injuries of plaintiff received by him on May 13, 1929, had not reached a stage of permanency, and the allegation of permanent partial impairment resulting from said injuries was not sustained by the evidence and the finding on such application should be for the defendant.

Whereupon it was considered and ordered by the full Industrial Board of Indiana that the plaintiff take nothing by his application filed herein on April 30, 1930, and this appeal follows.

The appellant contends that the finding does not show that on the date of the trial, to-wit, on December 2, 1931, the injuries of the plaintiff had not reached a stage of permanency.

We quote the testimony of three physicians in support of the finding of the Board.

Dr. Paul Higbee testified: "I examined appellant May 16, 1930. He had an enlargement of the left breast. I found nothing regarding the inside of his chest. His lungs and heart were normal.

I next examined on September 5, 1931, and November 28, 1931. Found just the same, no findings, except the tumor on the breast, same as before. At none of the examinations did I find any rales or any other lung condition indicating possible tuberculosis. From my examination, it is my opinion Mr. Bradbury has sustained no permanent partial impairment due to the injury of May 13, 1929. The tumor on the left breast is non-malignant. I see no reason why it should disable him or impair him."

Dr. G. D. Scott testified as follows: "I examined him on May 17, 1930, September 12, 1931, and November 28, 1931. On May 17, 1930, left mammary gland was considerably enlarged and did not seem to be attached to the rib. I thought he had a mastitis. The heart and lungs were normal. On September 12, 1931, I found crepitant rales in left lung due to a chronic thickening of the pleura. He showed some density in the lung tissues, which I thought was due to tuberculosis. On last examination physical condition same as on September 12, 1931. I stated that on May 17, 1930, the examination showed lungs were normal. It is my opinion that any impairment he has at this time, December 2, 1931, is due to tuberculosis of the lungs. I did not find the tuberculosis at that time and I find it since and I don't know when he got the tuberculosis."

Dr. J. R. Crowder also testified: "I examined twice, September 4, 1931, and November 28, 1931. The left lung was normal May 16, 1930, so far as I could tell by x-ray. On September 4, 1931, there was evidence of pleura thickening on left side. On September 4, 1931, the only abnormal thing I found was enlargement of the left breast. I don't think tuberculosis is caused by trauma. If Mr. Bradbury had tuberculosis from x-ray I examined May 16, 1930, I do not think it is due to injury of May 13, 1929. If he has any impairment now I don't believe it is due to the injury of May 13, 1929."

The evidence in the record is sufficient to sustain the finding of the Board and the award is therefore affirmed.